1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

| | |
|---|---|
| SHAWN WOODALL<br>CDCR # F-91270,<br><br>                                        Plaintiff,<br><br><br>                          vs.<br><br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br><br>                                        Defendants. | Civil No.    10cv1890 BTM (BGS)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*;**<br><br>**(2)  DISMISSING FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2); and**<br><br>**(3) DENYING MOTION TO TRANSFER COURT CASE FILE AND MOTION TO AMEND CAPTION/SUBSTITUTE PARTIES AS MOOT**<br><br>**[Doc. Nos. 2, 4, 9]** |

24
## I.      Procedural History

25
         On August 31, 2010, Plaintiff, proceeding *pro se*, filed a civil action pursuant to 42

26
U.S.C. § 1983, along with a Motion to Proceed *In Forma Pauperis* ("IFP").  At the time Plaintiff

27
initially filed this action he was not incarcerated.  Before the Court could rule on Plaintiff's IFP

28
Motion and screen his Complaint, Plaintiff filed a First Amended Complaint.  On November 11,

2010, Plaintiff filed a "Notice of Change of Address" which indicates that he is currently incarcerated at the Richard J. Donovan Correctional Facility ("RJD"). In addition, Plaintiff has filed a "Motion to Transfer Court Case File," along with a "Motion to Amend Caption and Motion to Substitute Parties." [Doc. Nos. 4, 9].

**II.     Motion to Proceed IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Because it appears that Plaintiff was not incarcerated at the time he filed this action, he is not subject to the filing fee garnishment found in 28 U.S.C. § 1915(b)(2).

The Court takes judicial notice that Plaintiff has previously filed this identical action in *Woodall v. Schwarzenegger, et al*., S.D. Cal. Civil Case No. 10cv1218 MMA (CAB). Because District Judge Anello found that Plaintiff was incarcerated at the time he filed that first action, and he had three "strikes" pursuant to 28 U.S.C. § 1915(g), Plaintiff's previous Motion to Proceed IFP was denied by District Judge Anello pursuant to 28 U.S.C. § 1915(g). Plaintiff filed a Notice of Appeal in that action which was later dismissed because Plaintiff failed to perfect the appeal. Plaintiff has now brought the identical claim in this action but he is not subject to 28 U.S.C. § 1915(g) as he was not incarcerated at the time he brought the Complaint that is currently before this Court.

Accordingly, the Court has reviewed Plaintiff's affidavit of assets, just as it would for any other non-prisoner litigant seeking IFP status, *see* S.D. CAL. CIVLR 3.2(d), finds it is sufficient to show that Plaintiff is unable to pay the fees or post securities required to maintain this action, and hereby **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].

/ / /

/ / /

**III.     Motion to Transfer Court Case File**

As stated above, Plaintiff first filed this identical action in *Woodall v. Schwarzenegger, et al.*, S.D. Cal. Civil Case No. 10cv1218 MMA (CAB).  Plaintiff is now seeking an Order from this Court to remove the exhibits that were attached to his Complaint in *Woodall v. Schwarzenegger, et al.*, S.D. Cal. Civil Case No. 10cv1218 MMA (CAB) and attach them to the Complaint filed in this action.  However, on September 29, 2010, Plaintiff filed a two hundred forty seven (247) page First Amended Complaint, along with over fourteen hundred (1400) pages of exhibits which is the same amount of Exhibits filed in the previous action.  Thus, because it appears Plaintiff's request is now moot with the filing of his First Amended Complaint and the attached exhibits, Plaintiff's "Motion to Transfer Court Case File" is **DENIED** as moot.

**IV.     Sua Sponte Screening pursuant to 28 U.S.C. § 1915(e)(2)**

Any complaint filed by a person proceeding IFP is subject to sua sponte dismissal by the Court to the extent it contains claims which are "frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

**A.  Rule 8**

In this matter, as stated above, Plaintiff has filed a two hundred and forty seven page (247) First Amended Complaint ("FAC"), named thirty eight (38) Defendants and attached more than fourteen hundred (1400) pages of exhibits. Thus, the Court finds that Plaintiff's First Amended Complaint fails to comply with Rule 8.    Specifically, Rule 8 provides that in order to state a claim for relief in a pleading it must contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(1) & (2).    If Plaintiff chooses to file an Amended Complaint, he must comply with Rule 8.  Because Plaintiff is now currently incarcerated, he is further cautioned that he must also comply with Local Rule 8.2 which provides, in part, that prisoners must use the Court's form complaints and any additional pages

1   are "not to exceed fifteen (15) in number."  S.D. CIVLR 8.2.

2   **B.     Counts 1 - 7 Access to Courts and Equal Protection Claim**s

3          In his First Amended Complaint, Plaintiff alleges that he was in and out of prison over

4   a period of time due to parole violations.  (*See* FAC at 13-18.)  During this time, Plaintiff alleges

5   that he "met his partner Jose Camargo who is a transgender who also goes by the name of Jessica

6   Natalie Woodall."  (*Id.* at 13.)  Plaintiff and his partner were housed on the "Special Needs

7   Yard" while incarcerated at RJD.  (*Id.*)  Later, while they were both on release from prison they

8   "had a son, Jacob Matteo Woodall, by a surrogate mother in Tijuana, Mexico."  (*Id.* at 14.)  As

9   a result, Plaintiff and his partner "agreed they needed to create a legal domestic partnership

10  under California Code Section 297."  (*Id.*)  Plaintiff claims that they began the process but have

11  not been able to complete it due to Defendant Arnold Schwarzenegger, former Governor for the

12  State of California, and Defendant Debra Bowen, Secretary of the State of California, rejecting

13  their application for failing to get notarized signatures and pay the filing fee.  (*Id.* at 17.)

14  Plaintiff claims that he does not have access to a Notary Public in prison and he requested a

15  waiver of the fees due to his indigency status but that was rejected.  (*Id.*)

16         First, Plaintiff alleges that prison officials have violated his access to the courts by failing

17  to provide him with a notary public.  (*Id.* at 18-19.)  Prisoners do "have a constitutional right to

18  petition the government for redress of their grievances, which includes a reasonable right of

19  access to the courts."  *O'Keefe v. Van Boening*, 82 F.3d 322, 325 (9th Cir. 1996).  In *Bounds*,

20  430 U.S. at 817, the Supreme Court held that "the fundamental constitutional right of access to

21  the courts requires prison authorities to assist inmates in the preparation and filing of meaningful

22  legal papers by providing prisoners with adequate law libraries or adequate assistance from

23  persons who are trained in the law."  *Bounds v. Smith*, 430 U.S. 817, 828 (1977).  To establish

24  a violation of the right of access to the courts, however, a prisoner must allege facts sufficient

25  to show that:  (1) a nonfrivolous legal attack on his conviction, sentence, or conditions of

26  confinement has been frustrated or impeded, and (2) he has suffered an actual injury as a result.

27  *Lewis v. Casey*, 518 U.S. 343, 353-55 (1996).  An "actual injury" is defined as "actual prejudice

28  with respect to contemplated or existing litigation, such as the inability to meet a filing deadline

1    or to present a claim." *Id.* at 348.

2         Here, Plaintiff has failed to alleged any actions with any particularity that have *precluded*

3    his pursuit of a non-frivolous direct or collateral attack upon either his criminal conviction or

4    sentence or the conditions of his current confinement.  *See Lewis*, 518 U.S. at 355; *see also*

5    *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (the non-frivolous nature of the "underlying

6    cause of action, whether anticipated or lost, is an element that must be described in the

7    complaint, just as much as allegations must describe the official acts frustrating the litigation.").

8    Moreover, Plaintiff has not alleged facts sufficient to show that he has been actually injured by

9    any specific defendant's actions.  *Lewis*, 518 U.S. at 351.  Here, Plaintiff's claims that prison

10   officials refused to provide him with access to a Notary Public does not involve the conditions

11   of his confinement or an attack on his criminal conviction.  Moreover, it is far from clear how

12   the alleged denial of the request for a fee waiver to obtain a domestic partnership deprives

13   Plaintiff of access to the courts.

14        Therefore, Plaintiff's access to courts claims relating to his domestic partnership  must

15   be dismissed for failing to state a claim upon which section 1983 relief can be granted.

16        While not entirely clear, it appears that Plaintiff may be attempting to state an equal

17   protection claim against the Secretary of State Debra Bowen and former California State

18   Governor for failing to waive the filing fee for a domestic partnership and requiring a notarized

19   signature for an application.  Because it is not clear that Plaintiff is alleging such a claim, the

20   Court will provide Plaintiff the opportunity to file a Second Amended Complaint which clearly

21   sets forth the factual basis for this claim and the named Defendants that he seeks to hold liable

22   for the alleged violations.

23        Plaintiff then submits a lengthy description of his attempts to seek judicial review of his

24   probation revocation.  In sum, Plaintiff claims that prison officials at RJD destroyed transcripts

25   that would prove a key element of his argument that his "federal constitutional right to due

26   process was violated when his probation was subsequently reinstated and extended without a

27   formal revocation hearing."  (*See* FAC at 33.)  However, these claims are premature.  Plaintiff

28   acknowledges that this issue is currently on appeal and in the briefing stages before the Ninth

1    Circuit Court of Appeal.  *See Woodall v. Gene Beauchamp*, *et al.*, No. 09-55997 (9th Cir.  filed

2    Sept. 10, 2010).  Therefore, Plaintiff cannot yet show an "actual injury" with respect to the

3    alleged destruction of his legal materials until the matter has been decided by the Ninth Circuit

4    Court of Appeals.  At this stage, Plaintiff has not alleged any actions with any particularity that

5    have *precluded* his pursuit of a non-frivolous direct or collateral attack upon his criminal

6    conviction.  *See Lewis*, 518 U.S. at 355.  Thus, Plaintiff's claims of denial of access to the courts

7    based on the alleged destruction of his legal materials is denied, without prejudice, for failing

8    to state a claim upon which § 1983 relief may be granted.

9         In yet another variation of Plaintiff's access to courts claim, he alleges that he filed a civil

10   action against Defendants based on the same set of access to courts claims in the San Diego

11   Superior Court. (*See* FAC at 36.)  Plaintiff claims that prison officials failed to provide him with

12   sufficient time in the prison law library and failed to make him available for the telephonic

13   hearing on Defendants' demurrer.  (*Id.* at 36-41.)  As a result, the Superior Court Judge

14   "sustained prison officials demurrer without leave to amend."  (*Id.* at 41.)

15        These claims brought in the State Court action are identical to the claims he brings here,

16   that is that prison officials destroyed his property and caused him to be denied access to the

17   courts.  In order to state an access to courts claim, Plaintiff must show the non-frivolous nature

18   of the underlying cause of action, whether anticipated or lost, as an element that must be

19   described in the complaint.  *Christopher*, 536 U.S. at  415.  Plaintiff fails to provide any

20   allegations that would demonstrate that the judgment entered in the San Diego Superior Court

21   matter would have been different had Plaintiff been able to spend more time in preparing his

22   opposition to Defendants' demurrer.  In fact, it is quite the opposite, it appears that the reasoning

23   of the San Diego Superior Court Judge in sustaining the Defendants' demurrer was based on the

24   same reasoning as this Court provides above.  As stated above, Plaintiff's matter is still pending

25   in the Ninth Circuit Court of Appeals, and thus, his claims are premature.  Plaintiff cannot show

26   an "actual injury" until his challenges to his criminal conviction or parole revocation have run

27   their course.

28   ///

### C.     Count 8 - Conspiracy claims

Plaintiff alleges that Defendants have subjected him to harassment and conspired against him in violation of 42 U.S.C. § 1985(3) because of his "lifestyle and sexual orientation." (FAC at 57-58.)  Plaintiff alleges that he is a "member of class-based discrimination. (*Id.* at 58.)  42 U.S.C. § 1985(3).  "To state a cause of action under § 1985(3), a complaint must allege (1) a conspiracy, (2) to deprive any person or a class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or a deprivation of any right or privilege of a citizen of the United States." *Gillespie v. Civiletti*, 629 F.2d 637, 641 (9th Cir. 1980); *see also Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971); *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992).  "[T]he language requiring intent to deprive *equal* protection . . . means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin*, 403 U.S. at 102; *see also Sever*, 978 F.2d at 1536.

Again, the factual basis of Plaintiff's allegations are far from clear.  On the one hand, Plaintiff suggests that Defendants conspired against him to deprive him of access to the prison law library due to his sexual orientation but then Plaintiff seems to suggest that they were impeding his access to prevent his lawsuit against other correctional officers from proceeding. (*See* FAC at 57-60.)  Plaintiff's allegations suggest that he is alleging that they conspired to prevent him from succeeding in his legal action not because of his sexual orientation but because they did not want to be sued.  Thus, Plaintiff has not properly alleged 'any racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin*, 403 U.S. at 102; *see also Sever*, 978 F.2d at 1536.

Plaintiff's conspiracy allegations are dismissed for failing to state a claim upon which § 1983 relief may be granted.

### D.     Counts 9, 10 - Retaliation claims

The Court finds that Plaintiff's retaliation claims against Defendants Romero and Pederson found in Count "9" survive the sua sponte screening process.

In Count "10," Plaintiff alleges that his "right to be free from retaliation" has been violated. (FAC at 74.) Plaintiff lists Defendants Neotti, Pederson, Koen, Contreras, Olson, and Romero and claims these Defendants "denied the Plaintiff his statutory right to make a complaint(s) against a departmental peace officer(s) for any improper peace officer(s) conduct." (*See* FAC at 72.) Plaintiff further claims that they denied his "regulatory right to be free from retaliation and discipline for exercising First Amendment right to seek legal access to the legal process." (*Id.* at 75.) In order to prevail on a claim of retaliation, Plaintiff must be able to prove the following five factors: "(1) An assertion that a state actor took some adverse action against [Plaintiff]; (2) because of (3) [Plaintiff's] protected conduct, and that such action (4) chilled [Plaintiff's] exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *See Rhodes v. Robinson*, 408 F.3d 559, 567-568 (9th Cir. 2005). (citing *Resnick v. Hayes*, 213 F.3d 443, 449 (9th Cir. 2000); *Barnett v. Centoni*, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam)). Plaintiff has alleged no facts to suggest that the actions of Defendants did not reasonably advance a legitimate correctional goal. Rather, Plaintiff offers no specific factual allegations aside from an implication that his administrative grievances were not processed properly. Thus, Plaintiff's First Amendment retaliation claims found in "Count 10" are dismissed for failing to state a claim upon which § 1983 relief can be granted.

### E.     Count 11 - Conspiracy claims

In this claim, Plaintiff once again alleges that he is a member of a protected class and Defendants are conspiring to violate his constitutional rights by retaliating against him. Plaintiff claims Defendants believe "that a person like the Plaintiff does not deserve the First Amendment right to file prison grievances or to have access to the legal process." (FAC at 90.) Many of these claims, much like Plaintiff's entire First Amended Complaint, are repetitive and unclear as to whether he is trying to allege a conspiracy claim or a retaliation claim against many of the Defendants. To the extent that Plaintiff is seeking to allege a retaliation claim against Defendant Romero and Pederson as were found in "Count 9," the Court has already determined that Plaintiff has alleged a retaliation claim against these Defendants sufficient to survive sua sponte

1  screening.

2       To the extent that Plaintiff is alleging conspiracy claims, these claims suffer from the

3  same deficiency of pleading previously identified by the Court.  Plaintiff's allegations are

4  contradictory.  Plaintiff initially claims that Defendants are conspiring to retaliate against him

5  because of his sexual orientation.  (*See* FAC at 79.)  However, Plaintiff also alleges that

6  Defendants are conspiring against him "for exercising his First Amendment rights to submit and

7  file prison grievances."  (*Id.*)  This suggests, once again, that prison officials are conspiring

8  against him based on his filing of lawsuits and grievances and not based on his sexual

9  orientation.  Thus, the Court dismisses Plaintiff's conspiracy claims found in "Count 10" for

10  failing to state a claim upon which relief may be granted.

11       **F.       Count 12 - Eighth Amendment inadequate medical care claims**

12       In this Count, Plaintiff alleges that on January 29, 2010 he was assaulted by two inmates

13  and was left with a "red and bloody baseball size lump on the right side of his forehead."  (FAC

14  at 84.)  Plaintiff further alleges that a number of Defendants refused to provide him with medical

15  attention.  (*Id.* at 84-96.)  The Court finds that these allegations are sufficient to survive the sua

16  sponte screening process.

17       **G.       Counts 13 and 27 - Retaliation**

18       The Court finds that Plaintiff's retaliation claims found in Count 13 and 27 survive the

19  sua sponte screening process.

20       **H.       Count 14 - Conspiracy claims**

21       Like Plaintiff's other conspiracy claims, his allegations are contradictory and fail to

22  provide the Court with sufficient factual allegations that form the basis of his conspiracy claims.

23  Plaintiff alleges that Defendants are conspiring against him because he files administrative

24  grievances but he also alleges that Defendants conspire against him because of his sexual

25  orientation. (*See* FAC at 14-16.)  The legal standard which forms the basis of a § 1985(3) rests

26  on whether Plaintiff's claims of conspiracy arise from his membership in a "suspect class."

27  *Griffin*, 403 U.S. at 102.   Plaintiff's status as a prisoner who is known to file administrative

28  grievances would not place him in a "suspect class."  Thus, Plaintiff's conspiracy claims in

Count 14 are dismissed for failing to state a claim upon which relief may be granted.  Plaintiff includes the same retaliation claims that are found in "Count 13" which the Court has already determined survive the sua sponte screening process.

### I.        Counts 15, 16, 17 - Access to Courts claims

Plaintiff's allegations in "Counts 15, 16, and 17"  are somewhat difficult to discern but it appears that the access to courts claim in these counts rests on Plaintiff's inability to file an appeal to the California Supreme Court regarding a lower appellate court's decision affirming the dismissal of a § 1983 case Plaintiff had filed in San Diego Superior Court.  (*See* FAC at 111 - 114.)  On November 10, 2009, the California Court of Appeal had issued its Opinion.  (*Id.* at 112.)  Plaintiff believed that he had until December 10, 2010 to file his appeal with the California Court of Appeal.  (*Id.*)  On November 19, 2009, Plaintiff was released from custody and no longer incarcerated.  (*Id.* at 113.)  Plaintiff was later returned to custody on December 3, 2009 but did not arrive at RJD until December 15, 2009 at which time he claims that he only had five more days to file his appeal.  (*Id.*)  Plaintiff claims RJD Defendants denied him access to the law library, and thus, he was unable to file his appeal to the California Supreme Court. (*Id.* at 113 - 114.)  Plaintiff claims that he "would have presented to the California Supreme Court that the Court of Appeal erred."  (*Id.* at 114.)

Plaintiff acknowledges that he was not incarcerated for a portion of the time that he had to file his appeal to the California Supreme Court.  Moreover, he was only housed at RJD five days before the time to appeal allegedly ran out.  Plaintiff has not alleged facts sufficient to show that any of the named RJD prison officials *precluded* his pursuit of  a non-frivolous direct or collateral attack upon either his criminal conviction or sentence or the conditions of his current confinement.  *See Lewis*, 518 U.S. at 355.  Thus, Plaintiff's access to courts claim is dismissed for failing to state a claim upon which § 1983 relief may be granted.

### J.        Count 18 - Mail claims

Plaintiff alleges that he was granted permission to correspond with another inmate who was his partner.  (*See* FAC at 125-126.)  However, Plaintiff alleges that RJD officials consistently failed to deliver his mail to him or to send his mail.  The Court finds that Plaintiff

1  has sufficiently alleged a First Amendment claim.  *See Witherow v. Paff*, 52 F.3d 264, 265 (9th

2  Cir. 1995) (Prisoners have a "First Amendment right to send and receive mail.")

3  **K.      Count 19 - Legal Mail**

4  In Count 19, Plaintiff claims that a variety of Defendants either read his legal mail on one

5  occasion or there were delays in sending the legal mail to the Courts.  However, Plaintiff also

6  refers to "legal mail" as mail he was sending to the California Secretary of State, the Chief of

7  Police of the City of San Diego and the "California Senate Committee on Public Safety." (FAC

8  at 133-135.)  There is no case law to suggest that any of this mail falls under the definition of

9  "legal mail."  *See Keenan v. Hall*, 83 F.3d 1083, 1094 (9th Cir. 1996) ("Mail from the courts,

10  as contrasted to mail from a prisoner's lawyer, is not legal mail.") Plaintiff does not allege that

11  any of his mail was either addressed to or addressed from his lawyer.  Thus, the claims in "Count

12  19" are dismissed for failing to state a claim.

13  **L.      Count 21 - Request for Punitive Damages**

14  While far from clear, it appears that Plaintiff is attempting to reallege the previous causes

15  of action and form a basis for the recovery of punitive damages based on his access to courts

16  claim.  Whether or not Plaintiff will be entitled to recover punitive damages is a determination

17  that need not be made at this stage in light of the Court's dismissal of a majority of Plaintiff's

18  action.

19  **M.      Count 23 - Equal Protection Claims**

20  The Court finds that Plaintiff's equal protection claims against Defendants in "Count 23"

21  survive the sua sponte screening process.

22  **N.      Count 24 - Claim pursuant to 42 U.S.C. § 1981**

23  Plaintiff alleges that his right to be free from intentional discrimination pursuant to 42

24  U.S.C. § 1981 has been violated.  Section 1981 prohibits racial discrimination by private actors.

25  *See Evans v. McKay*, 869 F.2d 1341, 1344 (9th Cir. 1989).  Plaintiff is not claiming racial

26  discrimination nor are Defendants "private actors."  Thus, Plaintiff's claims brought pursuant

27  to 42 U.S.C. § 1981 are dismissed for failing to state a claim.

28  / / /

## O.      Count 29 - Conspiracy claims 42 U.S.C. § 1985(2)

Plaintiff alleges that his rights under 42 U.S.C. § 1985(2) were violated by a "conspiracy to obstruct justice in the United States District Court for the Southern District of California by force, intimidation." (FAC at 188.) Section 1985 contains three discrete substantive clauses. *See Bretz v. Kelman*, 773 F.2d 1026, 1028 (9th Cir. 1985). "The first clause of section 1985(2) concerns conspiracy to obstruct justice in the federal courts, or to intimidate a party, witness or juror in connection therewith." *Id.* at 1028, fn. 3. The second clause of section 1985(2) proscribes conspiracies for the purpose of "impeding, hindering, obstructing, or defeating, in any manner, the due course of justice," with the "intent to deny any citizen the equal protection of the laws." *Id.*

Here, Plaintiff's First Amended Complaint fails to make clear which cause of section 1985(2) he is seeking relief from. Moreover, it is also unclear whether Plaintiff is alleging that Defendants conspired against him because of his membership in a protected class or whether Defendants were conspiring against him because of his litigation history. (*See* FAC at 188-190.) Thus, Plaintiff's claims brought pursuant to 42 U.S.C. § 1985(2) are dismissed for failing to state a claim upon which relief may be granted.

## P.      Count 34 - Eighth Amendment claims

Plaintiff alleges that his Eighth Amendment rights were violated when Defendants searched his cell in retaliation.   Where a particular provision of the Constitution "'provides an explicit source of constitutional protection' against a particular sort of government behavior," that provision must be the guide for analyzing Plaintiff's claims. *Patel v. Penman*, 103 F.3d 868, 874 (9th Cir. 1996) (quoting *Albright v. Oliver*, 510 U.S. 266, 273-74 (1994)). The claims that Plaintiff seeks to raise as Eighth Amendment claims` are identical to the claims that he brought as First Amendment retaliation claims. Thus, the Court dismisses Plaintiff's Eighth Amendment cell search claims.

## Q.      Count 35 - Personal Property claims

Plaintiff alleges that Defendants "seized and destroyed the Plaintiff's personal property." (FAC at 215.) Where a prisoner alleges the deprivation of a liberty or property interest caused

by the unauthorized negligent or intentional action of a prison official, the prisoner cannot state a constitutional claim where the state provides an adequate post-deprivation remedy. *See Zinermon v. Burch*, 494 U.S. 113, 129-32 (1990); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). The California Tort Claims Act ("CTCA") provides an adequate post-deprivation state remedy for the random and unauthorized taking of property. *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994). Thus, Plaintiff has an adequate state post-deprivation remedy and his claims relating to the taking of his property are not cognizable in this § 1983 action, and must be dismissed.

### R.    Count 37 & 38  - Free Exercise of Religion and RLUIPA

Plaintiff alleges that prison officials "took and destroyed the Plaintiff's religious books to prevent Plaintiff from exercising his religion." (FAC at 222.) The Court finds these allegations are sufficient to survive the sua sponte screening process.

### S.    Count 39 - Eighth Amendment excessive force claims

The Court finds that the allegations contained in Count 39 are sufficient to survive the sua sponte screening process.

### T.    Count 40 - Eighth Amendment outdoor exercise claims

Plaintiff alleges that from February 1, 2010 to April 30, 2010, Plaintiff was only provided seven hours of outdoor exercise in violation of his Eighth Amendment rights. (*See* FAC at 233-234.) The Court finds these allegations sufficient to survive the sua sponte screening process.

### U.    Counts 20, 22, 25-26, 28, 31-33, 36, 41-42 - State law claims

Because the Court has dismissed the majority of the claims in Plaintiff's First Amended Complaint, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims that correspond to the federal claims that have been dismissed. *See* 28 U.S.C. § 1367(c)(3); *see also Schultz v. Sundberg*, 759 F.2d 714, 718 (9th Cir. 1995) (generally, dismissal of federal claims before trial dictates that state pendent claims should be dismissed.). This dismissal is without prejudice in order that Plaintiff may re-allege the state law claims that correspond to the applicable surviving causes of action.

/ / /

Based on the above Order, the Plaintiff has one of two options.  Plaintiff may choose to proceed with the claims that the Court has found survive the sua sponte screening process or he may attempt to amend as to those claims in which the Court found deficiencies.  In either case, Plaintiff must file an Amended Complaint.  As currently pleaded, Plaintiff's First Amended Complaint is excessive, repetitive and imposes an "unfair burden on litigants and judges." *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996).

Moreover, the Court notes that Plaintiff is currently incarcerated and thus, not only is Plaintiff bound by the "short and plain statement" required by Rule 8 but Plaintiff must also comply with Local Rule 8.2.  This Local Rule requires Plaintiff to use the court approved § 1983 form complaint and only attach fifteen (15) additional pages.  *See* S.D. Local Rule 8.2(a). Finally, Plaintiff *may not* add any additional claims or defendants not previously addressed in his First Amended Complaint.

## V.    Conclusion and Order

Good cause appearing, **IT IS HEREBY ORDERED**:

1.      Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2-1] is **GRANTED**.

**IT IS FURTHER ORDERED** that:

2.      Plaintiff's Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(b).  However, Plaintiff is **GRANTED** thirty (30) days leave from the date this Order is "Filed" in which to file a Second Amended Complaint which cures all the deficiencies of pleading noted above.  Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading.  *See* S.D. Cal. Civ. L. R. 15.1.  Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived.  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

3.      Plaintiff's Motion to Transfer Court Case File and Motion to Amend Caption and Motion to Substitute Parties [Doc. Nos. 4, 9] are **DENIED** as moot.

/ / /

/ / /

1         4.     The Clerk of Court is directed to mail Plaintiff a court approved § 1983 complaint

2    form.

3         **IT IS SO ORDERED.**

4

5    DATED:  March 9, 2011

6

7    Honorable Barry Ted Moskowitz
     United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28