# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN WOODALL, CDCR #F-91270,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>　　　　　　　　　　　　Defendants. | Civil No.   10cv1890 BTM (BGS)<br><br>**ORDER**<br><br>**(1) DENYING MOTION FOR APPOINTMENT OF COUNSEL;**<br><br>**(2) DENYING MOTION TO EXCLUDE THE PLAINTIFF FROM PAYING PACER FEES;**<br><br>**(3) DENYING MOTION TO ATTACH EXHIBITS TO SECOND AMENDED COMPLAINT;**<br><br>**(4) GRANTING IN PART AND DENYING IN PART MOTION FOR ORDER TO SAN DIEGO SHERIFF DECLARING THE PLAINTIFF TO BE A SELF-REPRESENTED LITIGANT**<br><br>**[ECF Nos. 34, 37, 39, 43, 45]** |

Plaintiff, a former state inmate who appears to no longer be incarcerated, has filed multiple motions in this matter. Currently pending before the Court are the following Motions: (1) Motion for Appointment of Counsel; (2) Motion to Exclude Plaintiff from Paying Fees Under

the Public Access to Court Electronic Records; (3) Motion to Attach Exhibits from First Amended Complaint to Second Amended Complaint; (4) Motion for Order to San Diego Sheriff Declaring the Plaintiff to Be a Self-Represented Litigant Before this Court; and (5) Amended Motion for Order to San Diego Sheriff Declaring the Plaintiff a Self-Represented Litigant in this Case. Also pending is Plaintiff's Second Amended Complaint which the Court will sua sponte screen in a separate Order pursuant to 28 U.S.C. § 1915(e)(2).

**I.     Motion to Appoint Counsel**

Plaintiff seeks appointment of counsel because he claims he is unable to afford counsel and his "imprisonment will greatly limit his ability to litigate." (*See* Mot. at 1-2.) The Constitution provides no right to appointment of counsel in a civil case, however, unless an indigent litigant may lose his physical liberty if he loses the litigation. *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981). Nonetheless, under 28 U.S.C. § 1915(e)(1), district courts are granted discretion to appoint counsel for indigent persons. This discretion may be exercised only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Here, the record is not sufficiently developed so that the Court can make a determination on the likelihood of success on the merits at this stage of the proceedings. In addition, Plaintiff appears to be able to articulate his claims as the Court previously found that some of Plaintiff's claims in his First Amended Complaint survived the sua sponte screening process. To the extent that Plaintiff claimed his incarceration severely limited his access to the law library, that issue is moot as it appears that Plaintiff is no longer incarcerated. Accordingly, the Court denies Plaintiff's request without prejudice, as neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017.

## II. Motion to Exclude Plaintiff from Paying Fees under PACER[1]

Plaintiff indicates that he has an active PACER account, however, he is unable to afford the fees for using the account. This matter is part of the Court's "CM/ECF"[2] system. All parties and Attorneys of record receive one free electronic copy of all documents filed electronically. To date, Plaintiff has received a paper copy of every Order issued in this matter due to his previously incarcerated status. Plaintiff also has the option of viewing the Court's docket in the Clerk's Office as computers are provided for this purpose. If Plaintiff wishes to download documents, the fee is a very modest eight (8) cents a page. Moreover, there is a cap of only $2.40 (30 pages) for the download of a single document. To obtain free PACER access implies that Plaintiff is seeking to view cases other than the one currently before the Court which requires only access to the Court's CM/ECF system. The Court finds that a waiver of PACER's fees is neither appropriate nor warranted at this time. Plaintiff's Motion for Waiver of PACER FEES is **DENIED**.

## III. Motion to Attach Exhibits from First Amended Complaint to Second Amended Complaint

Plaintiff seeks an Order permitting him to attach the fourteen hundred (1400) pages of Exhibits attached to his First Amended Complaint to his Second Amended Complaint. In the Court's March 9, 2011 Order, a large number of Plaintiff's claims found in his First Amended Complaint were dismissed. Based on Plaintiff's Motion, it appears that a large portion of the Exhibits previously filed with his First Amended Complaint would pertain to claims that Plaintiff has no longer included in his Second Amended Complaint. It would be unreasonable and unduly burdensome to expect that any named Defendant or the Court would have to review fourteen hundred pages of Exhibits to determine which Exhibit was related to the individual

---

[1] PACER is an acronym for Public Access to Court Electronics which is the system that allows users to obtain case and docket information from Federal Appellate, District and Bankruptcy courts via the internet.

[2] CM/ECF is the Court's case management systems that maintains the electronic files in each case and offers electronic filing over the Internet.

claims found in Plaintiff's Second Amended Complaint. Accordingly, Plaintiff's Motion to Attach Exhibits from First Amended Complaint to Second Amended Complaint is **DENIED**.

**IV.** **Plaintiff's Motion and Amended Motion for Order to San Diego County Sheriff Declaring the Plaintiff to be a Self-Represented Litigant before this Court**

Plaintiff has been recently released from custody from the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff indicates that he is anticipating that he will be placed in the custody of the San Diego Sheriff's Department on a parole violation. He is requesting a Court order as a "precaution" because he believes that the "Sheriff is under the mistaken belief that prisoners in his custody have no constitutional right to access to a law library." (Pl.'s Amd. Mot. at 1.)

First, Plaintiff is not currently in the custody of the CDCR or the San Diego County Sheriff's Department. He recently filed a Notice of Change of address that provides a regular street address. Second, the Court has no jurisdiction over the San Diego County Sheriff's Department in this matter as they are not part of this action. While the Court will not issue an Order declaring Plaintiff to be a Self-Represented Litigant, the Court will take judicial notice that Plaintiff is representing himself in this action. Plaintiff's Motions for Order Declaring the Plaintiff to be a Self-Represented Litigant to San Diego County Sheriff are **DENIED** in part and **GRANTED** in part.

**IT IS SO ORDERED.**

DATED: September 19, 2011

*Barry Ted Moskowitz*

Honorable Barry Ted Moskowitz
United States District Judge