# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN WOODALL<br>CDCR # F-91270, | Civil No.    10cv1890 BTM (BGS) |
| Plaintiff, | **ORDER DISMISSING CLAIMS AND DEFENDANTS FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)** |
| vs. | |
| ARNOLD SCHWARZENEGGER, et al., | |
| Defendants. | |

## I.      Procedural History

On August 31, 2010, Plaintiff, proceeding *pro se*, filed a civil action pursuant to 42 U.S.C. § 1983, along with a Motion to Proceed *In Forma Pauperis* ("IFP").  At the time Plaintiff initially filed this action he was not incarcerated.  Before the Court could rule on Plaintiff's IFP Motion and screen his Complaint, Plaintiff filed a First Amended Complaint. Since the filing of this action, Plaintiff has been in and out of  the custody of the California Department of Corrections and Rehabilitation ("CDCR") more than once, and according to his latest notice of change of address [ECF No. 53] Plaintiff is currently housed in the San Diego Central Jail.  The allegations giving rise to Plaintiff's action are based on events that occurred while he was housed at the Richard J. Donovan Correctional Facility ("Donovan").

On March 9, 2011, the Court issued an Order granting Plaintiff's Motion to Proceed IFP and found that many of the claims in Plaintiff's First Amended Complaint failed to state a claim upon which relief could be granted.  Plaintiff was given the option to either proceed with the claims that survived the sua sponte screening process or file an Amended Complaint in order to correct the deficiencies of pleading identified by the Court.

After requesting several extensions of time to file his Second Amended Complaint, which were granted by the Court, Plaintiff filed his Second Amended Complaint ("SAC") on August 10, 2011 [ECF No. 35].

## II.     Sua Sponte Screening pursuant to 28 U.S.C. § 1915(e)(2)

As stated by the Court in its previous Order, any complaint filed by a person proceeding IFP is subject to sua sponte dismissal by the Court to the extent it contains claims which are "frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

### A.     Waiver of Defendants

As an initial matter, Plaintiff no longer names Defendants Schwarzenegger, Bowen, Laguna, Petterson, Clardy, Sheldon, Pickett, Malajandro, Kemp, Grannis or Simon in his Second Amended Complaint.  Thus. the claims against these Defendants are waived and they are **DISMISSED** from this action.  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

### B.     Count 1 - Retaliation

The Court finds that Plaintiff has adequately stated a retaliation claim against Defendants Romero and Pederson.  Thus, these claims survive the sua sponte screening process.

### C.     Count 2 - Eighth Amendment Inadequate Medical Care claims

Plaintiff alleges that on January 29, 2010 he was the "victim of a battery by two inmates." (SAC at 12.) Plaintiff claims that he was "hit in the forehead with a rock" which knocked him unconscious.  (*Id.*)  As a result of the attack, Plaintiff claims he had a "red and bloody baseball size lump on the right side of his forehead."  (*Id.*)  Plaintiff sought medical care from several of

1  the named Defendants, however he claims that they all ignored his requests even though it was

2  evident that he had suffered an injury.  (*Id.* at 12-18.)

3  While the Court finds that Plaintiff has adequately stated a claim against most of the

4  Defendants named in "Count 2," the Court finds that Plaintiff has not adequately stated a claim

5  against Defendant Asbury.  In order to assert a claim for inadequate medical care, Plaintiff must

6  allege facts which are sufficient to show that each person sued  was "deliberately indifferent to

7  his serious medical needs."  *Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Estelle v. Gamble*,

8  429 U.S. 97, 106 (1976).  To be liable, prison officials must purposefully ignore or fail to

9  respond to Plaintiff's pain or medical needs.  *Estelle*, 429 U.S. at 105-06.

10  Here, while Plaintiff claims that Defendant Asbury was initially deliberately indifferent

11  to his medical needs, he also claims that Defendant Asbury "instructed Defendant Robles to

12  escort Plaintiff to the Special Housing Unit but to first take the Plaintiff by medical."  (SAC at

13  15.)  These claims indicate that Defendant Asbury did provide Plaintiff with the opportunity to

14  seek medical treatment for his alleged injuries.  These facts as to Defendant Asbury do not rise

15  to the level of "deliberate indifference" required to state an Eighth Amendment claim.  *Estelle*,

16  429 U.S. at 105-06.  Accordingly, the Court dismisses Plaintiff's Eighth Amendment claims

17  against Defendant Asbury for failing to state a claim upon which relief could be granted.

18  **D.      Count 3 - Retaliation**

19  The Court finds that Plaintiff has adequately stated a retaliation claim against Defendants

20  Allamby, Asbury, John Doe 1 and John Doe 5.  Thus, these claims survive the sua sponte

21  screening process.

22  **E.      Count 4 - Mail**

23  The Court finds that Plaintiff has adequately stated a claim regarding the allegations of

24  failure to receive mail.  *See Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam)

25  (holding that prisoners have a "First Amendment right to send and receive mail.") Thus, these

26  claims against Defendants Romero, Soto and Pederson survive the sua sponte screening process.

27  / / /

28  / / /

### F.      Count 5 - Equal Protection claims

The Court finds that Plaintiff has adequately stated an equal protection claim against Defendant Romero.  However, Plaintiff lists a number of other Defendants whom he claims violated his right to equal protection under the laws but fails to provide any factual detail.  For example, Plaintiff alleges that "Defendants Neotti, Pederson, Koen, Contreras, Olson denied the Plaintiff his right to file administrative remedies and complaints against departmental officers because of the Plaintiff's sexual orientation."  (SAC at 26.)

As previously stated,   "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. 662, 129 S.Ct. at 1949.  Here, there are simply no facts upon which the Court can determine whether Plaintiff has adequately stated an equal protection claim against any Defendant other than Romero. Accordingly, Plaintiff's equal protection claims against all Defendants, with the exception of Defendant Romero, are dismissed for failing to state a claim upon which relief may be granted.

### G.      Count 6 - 8, 10-13, 16-17 - State Law tort claims

The Court will only exercise supplemental jurisdiction that pertain to the claims against Defendants whom the Court has determined that Plaintiff has adequately stated a constitutional claim.  The Court declines to exercise supplemental jurisdiction over state law claims that relate to Defendants or claims that  have been dismissed from this action.

### H.      Count 9 - Eighth Amendment excessive force claims

The Court finds that Plaintiff has adequately stated an Eighth Amendment excessive force claim against Defendant Romero.

### I.      Count 14- Religious claims

The Court finds that Plaintiff has adequately stated a First Amendment free exercise claim, as well as a claim under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), against Defendants Romero and Obregon.

### J.      Count 15 - Eighth Amendment outdoor exercise claims

The Court finds that Plaintiff has adequately stated an Eighth Amendment claim against Defendants Neotti, Allamby, Asbury, John Doe 1, Whittig, Omajandro, John Doe 7 and Koen.

**K.     Options**

Based on the above Order, the Plaintiff has one of two options.  Plaintiff may choose to proceed with the claims that the Court has found survive the sua sponte screening process or he may attempt to amend as to those claims in which the Court found deficiencies.  Plaintiff has thirty (30) days to inform the Court of his intentions.  The Court will not grant Plaintiff any extensions of time absent the showing of extraordinary circumstances.

Plaintiff is once again cautioned that if he chooses to file an Amended Complaint, he must comply with Rule 8 of the Federal Rules of Civil Procedure, as well as Local Rule 8.2 which provides, in part, that prisoners must use the Court's form complaints and any additional pages are "not to exceed fifteen (15) in number."  S.D. CIVLR 8.2.

**III.     Conclusion and Order**

Good cause appearing, **IT IS HEREBY ORDERED**:

1.     Defendants Schwarzenegger, Bowen, Laguna, Petterson, Clardy, Sheldon, Pickett, Malajandro, Kemp, Grannis and Simon are **DISMISSED** from this action.  *See King*, 814 F.2d at 567.

**IT IS FURTHER ORDERED** that:

2.     Plaintiff has thirty (30) days to either: (1) notify the Court of his intention to proceed with the claims that the Court has determined survive the sua sponte screening process; or (2) file an amended complaint which addresses each deficiency of pleading noted above.  If Plaintiff chooses to file an Amended Complaint it must be complete in itself without reference to the superseded pleading.  *See* S.D. CA. CIV.LR. 15.1.  Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived.  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).  If Plaintiff chooses the first option, the Court will issue the appropriate Order directing the United States Marshal to effect service as to the remaining Defendants and claims.

/ / /

/ / /

/ / /

1    If Plaintiff fails to choose either option within thirty (30) days, the Court will issue an

2    Order directing entry of judgment dismissing the claims and defendants as to which Plaintiff has

3    failed to plead a valid claim as set forth in this Order.

4        **IT IS SO ORDERED.**

5    DATED:  December 28, 2011

        **HON. BARRY TED MOSKOWITZ**
        United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28