# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN WOODALL<br>CDCR # F-91270,<br><br>                              Plaintiff,<br><br>vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>                              Defendants. | Civil No.   10cv1890 BTM (BGS)<br><br>**ORDER:**<br><br>**(1)  DISMISSING CLAIMS AND DEFENDANTS FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2); and**<br><br>**(2)  DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF SECOND AMENDED COMPLAINT PURSUANT TO FED.R.CIV.P. 4(c)(3) &  28 U.S.C. § 1915(d) UPON REMAINING DEFENDANTS** |

**I.     Procedural History**

On August 31, 2010, Plaintiff, proceeding *pro se*, filed a civil action pursuant to 42 U.S.C. § 1983, along with a Motion to Proceed *In Forma Pauperis* ("IFP"). At the time Plaintiff initially filed this action he was not incarcerated. Before the Court could rule on Plaintiff's IFP Motion and screen his Complaint, Plaintiff filed a First Amended Complaint. Since the filing of this action, Plaintiff has been in and out of  the custody of the California Department of Corrections and Rehabilitation ("CDCR") more than once, and according to his latest notice of

change of address [ECF No. 53] Plaintiff is currently housed in the San Diego Central Jail. The allegations giving rise to Plaintiff's action are based on events that occurred while he was housed at the Richard J. Donovan Correctional Facility ("Donovan").

On March 9, 2011, the Court issued an Order granted Plaintiff's Motion to Proceed IFP and found that many of the claims in Plaintiff's First Amended Complaint failed to state a claim upon which relief could be granted. Plaintiff was given the option to either proceed with the claims that survived the sua sponte screening process or file an Amended Complaint in order to correct the deficiencies of pleading identified by the Court. After requesting several extensions of time to file his Second Amended Complaint, which were granted by the Court, Plaintiff filed his Second Amended Complaint ("SAC") on August 10, 2011 [ECF No. 35].

On December 28, 2011, the Court conducted the required sua sponte screening on Plaintiff's Second Amended Complaint. The Court found that some of Plaintiff's claims survived screening. Plaintiff was given the option of notifying the Court of his intention to proceed with the claims that survived screening or he could file a Third Amended Complaint in order to correct the deficiencies of pleading identified by the Court. *See* Dec. 28, 2011 Order at 5. On January 6, 2012, Plaintiff notified the Court of his intention to proceed with the claims that survived the screening process and he would not be filing an Amended Complaint. [ECF No. 62].

**II.    Sua Sponte Screening pursuant to 28 U.S.C. § 1915(e)(2)**

As stated by the Court in its previous Orders, any complaint filed by a person proceeding IFP is subject to sua sponte dismissal by the Court to the extent it contains claims which are "frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

**A.    Waiver of Defendants**

In the Court's December 28, 2011 Order, the Court noted that Plaintiff failed to re-allege claims against a number of Defendants and thus, these Defendants were dismissed from this

action. However, upon further review, the Court also finds that Plaintiff has failed to re-allege any claims against Defendant Cate in his Second Amended Complaint. Thus, the Court finds that Plaintiff has waived all claims against Defendant Cate and he is **DISMISSED** from this action. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

### B. Waiver of claims and Defendants

In his response to the Court's December 28, 2011 Order, Plaintiff has indicated that he intends to proceed with the claims that the Court has determined survive sua sponte screening. Accordingly, all the claims dismissed by the Court in the December 28, 2011 are no longer part of this action and remain dismissed.

In addition, Plaintiff, by foregoing the filing of a Third Amended Complaint, has waived all claims against Defendants Contreras, Olson, Gonzalez, Nelson and Vasquez. Thus, those Defendants are **DISMISSED** from this action.

## III. Conclusion and Order

Good cause appearing, **IT IS HEREBY ORDERED**:

1. Defendants Cate, Contreras, Olson, Gonzalez, Nelson and Vasquez are **DISMISSED** from this action. *See King*, 814 F.2d at 567. The Clerk of Court is directed to terminate these Defendants from the docket.

**IT IS FURTHER ORDERED** that:

2. The Clerk shall issue a summons as to Plaintiff's Second Amended Complaint [ECF No. 35] upon **the remaining** Defendants and shall and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each Defendant. In addition, the Clerk shall provide Plaintiff with a certified copy of this Order and a certified copy of his Second Amended Complaint and the summons so that he may serve Defendants. Upon receipt of this "IFP Package," Plaintiff is directed to complete the Form 285s as completely and accurately as possible, and to return them to the United States Marshal according to the instructions provided by the Clerk in the letter accompanying his IFP package. Upon receipt, the U.S. Marshal shall serve a copy of the Second Amended Complaint and summons upon Defendants as directed by Plaintiff on the USM Form 285s. All costs of service shall be advanced by the United States. *See* 28 U.S.C.

§ 1915(d); FED.R.CIV.P. 4(c)(3).

3. Plaintiff shall serve upon the Defendants or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading or other document submitted for consideration of the Court. Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy of any document was served on Defendants, or counsel for Defendants, and the date of service. Any paper received by the Court which has not been filed with the Clerk or which fails to include a Certificate of Service will be disregarded

**IT IS SO ORDERED.**

DATED: February 3, 2012

BARRY TED MOSKOWITZ, Chief Judge
United States District Court