UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN WOODALL,<br><br>                            Plaintiff,<br><br>vs.<br><br>GEORGE NEOTTI; ALLAMBY; ASBURY; ROBLES; DELA GUERRA; WHITTING; PEDERSON; ROMERO; SOTO; KOEN; BROWN; PASHA; CHOE; CRAIG; OBREGON; OMOJANDRO,<br><br>                            Defendants. | Case No.    10cv1890 BTM (BGS)<br><br>**ORDER DENYING DEFENDANTS PEDERSON AND SOTO'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FED.R.CIV.P. 12(b)(6)**<br><br>**[ECF No. 112]** |

**I.    Procedural History[1]**

On August 31, 2010, Shawn Woodall ("Plaintiff"), a former state inmate filed this action pursuant to 42 U.S.C. § 1983, along with a Motion to Proceed *In Forma Pauperis* ("IFP"). The Court conducted a number of required sua sponte screenings pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff was permitted leave to file amended pleadings and on August 20, 2011, Plaintiff filed

---

[1] This matter has a very lengthy procedural history. The Court will refer to those portions of the record that are relevant to the motion currently pending.

his Second Amended Complaint ("SAC"). The Court conducted one last sua sponte screening, dismissed several claims and Defendants and gave Plaintiff the option to proceed with the claims that survived screening or file another amended complaint. *See* Dec. 28, 2011 Order at 5-6. Plaintiff chose to proceed with the surviving claims. (ECF No. 62.) Thus, the Court dismissed several claims and Defendants in accordance with the previous Order and directed the U.S. Marshal to effect service of the SAC on the remaining Defendants. (ECF No. 64.)

On June 18, 2012, Defendants Pederson and Soto filed a Motion to Dismiss Plaintiff's claims against them found in "Count 4" of Plaintiff's SAC pursuant to FED.R.CIV.P. 12(b)(6). (ECF No. 112.) All the remaining Defendants have filed an Answer to Plaintiff's SAC. (ECF No. 113.) Plaintiff has filed his Opposition to Defendants' Motion. (ECF No. 124.)

## II. Defendants' Motion to Dismiss

### A. Defendants' Arguments

Defendants Pederson and Soto seek dismissal pursuant to FED.R.CIV.P. 12(b)(6) claiming that Plaintiff fails to allege facts sufficient to support a claim against them for "interference with mail" found in "Count 4" of Plaintiff's SAC.

### B. FED.R.CIV.P. 12(b)(6) Standard of Review

A Rule 12(b)(6) dismissal may be based on either a "'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare System, LP*, 534 F.3d 1116, 1121-22 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). In other words, the plaintiff's complaint must provide a "short and plain statement of the claim showing that [he] is entitled to relief." *Id.* (citing FED.R.CIV.P. 8(a)(2)). "Specific facts are not necessary; the statement need only give the defendant[s] fair notice of what ... the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (internal quotation marks omitted).

A motion to dismiss should be granted if plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In addition, factual allegations asserted by pro se petitioners[2], "however inartfully pleaded," are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519-20 (1972). Because "*Iqbal* incorporated the *Twombly* pleading standard and *Twombly* did not alter courts' treatment of *pro se* filings, [courts] continue to construe pro se filings liberally when evaluating them under *Iqbal*." *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985).

  **C.** **Application to Plaintiff's Second Amended Complaint**

    **1.** **Factual Allegations - "Count 4"**

In this portion of Plaintiff's Second Amended Complaint, Plaintiff alleges several Defendants, including Defendants Pederson and Soto, interfered with his right to send and receive mail. (*See* SAC at 21-41.) Plaintiff claims that in 2008 he sought relief from United States Senator Diane Feinstein because he claimed that the processing of inmate mail at Richard J. Donovan Correctional Facility ("RJD") was not "in accordance with federal and state law." (*Id.* at 21.) Plaintiff claims Senator Feinstein contacted then California Governor Arnold Schwarzenegger who "assured Senator Feinstein that his office would resolve the Plaintiff's complaint." (*Id.*) Former Governor Schwarzenegger, in turn, contacted former RJD Warden Hernandez who "acknowledged that there was a problem with the processing of the mail and he assured the Plaintiff that the problem would be corrected." (*Id.* at 21-22.)

On December 1, 2009, Plaintiff's former partner, also an inmate at RJD, was transferred to Avenal State Prison. (*Id.* at 22.) Plaintiff "applied for approval to correspond with his former partner by mail under the provisions of Title 15, California Code of Regulations, Section 3139."[3] (*Id.*) On January 11, 2010, Defendant Neotti approved Plaintiff's request. (*Id.*) Plaintiff alleges

---

[2] While Plaintiff is now represented by counsel (ECF No. 125), at the time he filed this action and at the time he responded to Defendants' Motion, he was acting in *pro se*.

[3] This section of Title 15 requires, in part, inmates to obtain "written authorization" from the Warden or other designee to correspond with "inmates under the jurisdiction of any county, state or federal, juvenile or adult correctional agency." CAL. CODE REGS., tit. 15 § 3139(1).

1 that from December 15, 2009 to January 11, 2010, he had "several disagreements with
2 Defendant Romero" with respect to the way in which Defendant Romero "handled Plaintiff's
3 outgoing confidential mail." (*Id.*)  Plaintiff claims that he attempted to file "misconduct
4 complaints" in response to Defendant Romero's action but Defendant Pederson "denied the
5 Plaintiff the right to file a staff misconduct complaint." (*Id.*)  He further alleges that Defendant
6 Pederson told him that he informed Defendant Romero of Plaintiff's attempt to lodge a staff
7 complaint against him. (*Id.*)

8 Plaintiff then filed an administrative grievance as to all the RJD mailroom staff for failing
9 to process "incoming mail in accordance with state and federal law." (*Id.* at 22-23.)  Plaintiff
10 "spoke with defendant Soto over the appeal." (*Id.* at 23.)  Plaintiff attempted to file another
11 administrative appeal "over the improper and illegal processing of confidential mail by mailroom
12 staff." (*Id.*)  However, Plaintiff alleges Defendant Pederson "refused to allow the Plaintiff to
13 file this appeal by rejecting the appeal on five separate occasions." (*Id.*)  He further alleges
14 Defendant Soto "was aware of the Plaintiff's Complaint." (*Id.*)

15 From January 11 to March 10, 2010, Plaintiff's former partner wrote numerous letters to
16 Plaintiff at RJD that Plaintiff never received. (*Id.*)  In that same time period, Plaintiff claims he
17 wrote his former partner approximately forty (40) letters sent to his place of incarceration at
18 Avenal State Prison which he claims his former partner never received. (*Id.*)

19 In February of 2010, Plaintiff alleges Defendant Romero, on two separate occasions,
20 walked past Plaintiff's cell and stated "when is the last time you heard from your boyfriend, Mr.
21 Carmargo?" and walked away laughing. (*Id.* at 23-24.)  Plaintiff alleges "Defendant Romero,
22 Defendant Soto and Defendant Pederson prevented the Plaintiff from sending and receiving
23 mail." (*Id.* at 24.)

24 **2.      First Amendment claim**

25 Defendants Pederson and Soto move to dismiss Plaintiff's First Amendment claims that
26 they were involved with the interference of his receipt and sending of mail. (*See* Defs.' Memo.
27 of Ps&As in Supp. of MTD at 5-6.)  The Court holds that Plaintiff has pled a claim against
28 Defendants Pederson and Soto. Plaintiff has alleged facts indicating that he informed these

Defendants of the problems with the interference of his mail, these Defendants were in a position to correct the problem but allegedly failed to do so. Defendants have failed to set forth any relevant argument as to why Plaintiff's First Amendment claim with regard to the alleged interference of his mail should be dismissed. *See Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam) (holding that prisoners have a "First Amendment right to send and receive mail.").

For all the above stated reasons, Defendants Pederson and Soto's Motion to Dismiss Count 4 of Plaintiff's Second Amended Complaint is **DENIED**.

### III.   Conclusion and Order

Based on the foregoing, the Court hereby:

DENIES Defendants Pederson and Soto's Motion to Dismiss "Count 4" of Plaintiff's Second Amended Complaint pursuant to FED.R.CIV.P. 12(b)(6). Defendants Pederson and Soto shall serve and file an Answer to Plaintiff's Second Amended Complaint within the time prescribed by FED.R.CIV.P. 12(a)(4)(B).

**IT IS SO ORDERED**.

DATED: September 12, 2012

_____
BARRY TED MOSKOWITZ, Chief Judge
United States District Court